Dawn M. Bayne, State Bar #20368
Christen N. Carns, State Bar #26211
**ALLEN, SALA & BAYNE, PLC**
1850 N. Central Ave., Suite 1150
Phoenix, Arizona 85004
Ofc: (602) 256-6000
Fax: (602) 252-4712
E-mail: dbayne@asbazlaw.com

Attorneys for Maureen Gaughan, Chapter 7 Trustee/Plaintiff

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>JAMES A. BRUNO and SHELLY D. BRUNO,<br><br>Debtors. | Chapter 7<br><br>Case No. 2-09-bk-06952-SSC |
| MAUREEN GAUGHAN, CHAPTER 7 TRUSTEE,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES A. BRUNO and SHELLY D. BRUNO,<br><br>Defendants. | Adv. No. 2-10-ap-00102-SSC<br><br>**MOTION FOR SUMMARY JUDGMENT** |

Maureen Gaughan, the duly appointed Chapter 7 Trustee ("Plaintiff" or "Trustee"), by and through undersigned counsel, hereby requests summary judgment against James and Shelly Bruno ("Defendants"), finding that the Defendants failed to list and disclose bankruptcy estate property and their interest Kingsland Developments, S.A as required by 11 U.S.C. §§ 727 (a)(2)(A), (a)(2)(B), (a)(3), (a)(4) and (a)(6)(A). The following Memorandum of Points and Authorities and separate Statement of Facts in Support of Motion for Summary Judgment supports this Motion

///

///

///

# MEMORANDUM OF POINTS AND AUTHORITIES

# FACTUAL ALLEGATIONS

On April 9, 2009, the Debtors filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code ("Petition Date"). See Bankruptcy Case No. 2:09-bk-06952-SSC, attached hereto as Exhibit "A", Docket Entry No. 1 ("Petition Date"). See Statement of Facts in Support of Motion for Summary Judgment ("SOF") filed February 17, 2011 and incorporated herein by reference, at ¶1. Maureen Gaughan is the duly appointed and qualified Chapter 7 Trustee ("Trustee"). SOF, at ¶2. On April 10, 2009, the Debtors filed their Schedules and Statement of Financial Affairs. SOF, ¶3.

On July 9, 2009, the Trustee filed a Motion to Extend Deadline for Filing Section 727 Objection to Discharge and Motion to Extend Time to File Complaint to Determine Dischargability of Debtors Pursuant to 11 U.S.C. § 523. SOF, at ¶4. On July 17, 2009, this Court entered an Order Requiring Examination Pursuant to Fed.R.Bankr.P. 2004. SOF, at ¶5. On July 27, 2009, the Trustee filed a *Notice of Deposition and Request for Production of Documents* ("Notice"). SOF, at ¶6. On September 4, 2009, the Trustee filed an *Application for Order to Show Cause* for the Debtors failure to comply with this Courts Order of July 17, 2009. SOF, at ¶7. On September 10, 2009, this Court entered an *Order to Show Cause* and set a hearing in the matter for October 7, 2009. SOF, at ¶8. On October 5, 2009, the Trustee filed a *Motion to Continue* the hearing set for October 7, 2009, and this Court subsequently entered an *Order Continuing the Hearing* to November 10, 2009. SOF, at ¶9. At the November 10, 2009 hearing, the Court agreed that the Debtors must turnover the previously requested documents SOF, at ¶10. On November 16, 2009, this Court entered the *Order Compelling Turnover* of documents relating to the Debtors' Costa Rica Property by November 30, 2009 ("Turnover Order"). SOF, at ¶11.

On June 28, 2010, the Trustee filed a Notice of Deposition and Request for Production of Documents for James Bruno, as the managing member of James Bruno Enterprises, LLC. SOF, at ¶12. On December 7, 2010, the Trustee filed a Continued Notice of 2004 Examination and Request for Production of Documents. SOF, at ¶13. The Debtors failed to provide the

requested documents and failed to appear at the continued deposition. SOF, at ¶14.

The Debtors acknowledged they entered into an agreement with Mike Bragg to pay $2,200,000.00 for approximately 11 Hectares of raw land in Costa Rica. SOF, at ¶15. The Debtors, with the assistance of a local attorney, incorporated Kingsland Developments Inc., S.A., to hold title to the raw land in Costa Rica. SOF, at ¶16. The Debtors were officers of Kingsland Developments Inc., S.A. SOF, at ¶17. The Debtors failed to list their interest in Kingsland Developments, S.A. on their Schedules. SOF, at ¶ 18.

## **LEGAL ARGUMENT**

Pursuant to Bankruptcy Rule 7056, the Court must enter summary judgment in favor of the moving party, if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Retail Clerks Local Union 648 v. Hub Pharmacy, Inc., 707 F.2d 1030. 1033 (9th Cir. 1983) (holding that summary judgment is proper when there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); and Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. St. 2548, 91 L. Ed. 2d 265 (1986).

Pursuant to 11 U.S.C. § 727 (a)(2)(A), the court shall not grant the debtor a discharge where the debtor has transferred, removed, destroyed, mutilated, concealed property of the debtor or property of the estate. In this case the Debtors had several opportunities to amend their Schedules and Statements to accurately reflect the Debtors' assets. Despite repeated and diligent document requests, the Debtors refused to comply with this Court's Order Requiring Examination under Fed.R. Bankr.P. 2004, and provide all requested documents.

Under 11 U.S.C. § 727(a)(2)(B), the Court may deny the Debtors' discharge where the Debtors, with the intent to hinder, delay or defraud a creditor or an officer of the estate, have transferred, removed, destroyed, mutilated, or concealed or has permitted to be transferred, removed destroyed, mutilated, or concealed property of the estate, after the Petition Date. The Debtors deliberately concealed their ownership interest in Kingsland Developments, S.A. and

continue to provide incomplete records, making it impossible for the Trustee to pursue estate assets in a timely manner.

The Court may also deny the Debtors' discharge where the Debtors have concealed, destroyed, mitilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the Debtors' financial condition or business transactions might be ascertained, pursuant to 11 U.S.C. § 727(a)(3). Through their own pleadings, the Debtors admitted entering into an agreement to purchase raw land in Costa Rica and were officers of Kingsland Developments, S.A. Even though the Debtors provided some documents to the Trustee, they have not provided sufficient information for the Trustee to actively pursue the remaining assets. Accordingly, the Debtors' should not receive their discharge.

Pursuant to 11 U.S.C. §§ 727 (a)(4)(A) and (B), the Court can deny the Debtors' discharge where the Debtors knowingly or fraudulently, in connection with the case made a false oath or account, or presented or used a false claim. The Debtors failed to disclose their ownership interest in Kingsland Developments, S.A., as well as any real property held by the business. The Debtors executed their Declaration Concerning Debtors' Schedules; the Declaration Under Penalty of Perjury by Individual Debtors, stating that "I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of sheets, and that they are true and correct to the best of my knowledge, information, and belief." The Debtors admitted to having an ownership interest in Kingsland, yet failed to disclose it on any of their Schedules and Statements. As a result, the Debtors provided incorrect and false schedules and should not receive their discharge.

Also, a Court may deny the Debtors' discharge where the Debtors have refused to obey any lawful order of the court. On November 16, 2009, the Trustee obtained an Order compelling the Debtors to produce documents to the Trustee. The Debtors did not provide any records to the Trustee until July 22, 2010. When the Debtors did provide records, they only provided a portion of the requested information and records. The Trustee filed a Notice of Continued Deposition and Request for Production of Documents on December 7, 2010. Yet

again, the Debtors failed to provide the requested documents and did not appear for their scheduled deposition.

In addition, 11 U.S.C. § 521(a) requires the Debtors to cooperate with the Trustee and "surrender to the trustee all books, documents, records, and papers relating to property of the estate." The Debtors have not complied with these duties, nor have the Debtors provided all the documents and information requested. The Debtors have had several opportunities to turnover information and have repeatedly frustrated the Trustee's attempts to investigate and liquidate estate assets. As a result the Debtors have failed to comply with the requirements in 11 U.S.C. § 521(a).

Given the requirements of 11 U.S.C. § 727, there are no genuine issues of material fact in this case that would prevent the entry of summary judgment denying the Debtors' discharge. The Debtors intended to defraud creditors and the Trustee when they failed to disclose bankruptcy estate assets and through their needless delay tactics. The Debtors continued to defraud creditors by continuing to refuse to provide documents.

## **CONCLUSION**

It is a fundamental duty and obligation of the Trustee to investigate the Debtors' personal and business financial transactions in the years preceding the Petition Date. It is the Debtors duty under 11 U.S.C. § 521 to cooperate with the Trustee in the administration of the case. The Defendants have regularly and continuously thwarted the Trustee's attempts to collect information and liquidate estate assets, and have not complied with their § 521 duties..

**WHEREFORE**, Maureen Gaughan, the Chapter 7 Trustee, requests the Court enter summary judgment as follows:

    A. Revoking the Debtors' discharge pursuant to 11 U.S.C. § 727(a)(2)(A);

    B. Revoking the Debtors' discharge pursuant to 11 U.S.C. § 727(a)(2)(B);

    C. Revoking the Debtors' discharge pursuant to 11 U.S.C. § 727(a)(3);

    D. Revoking the Debtors' discharge pursuant to 11 U.S.C. § 727(a)(4)(A ) and (B);

    E. Revoking the Debtors' discharge pursuant to 11 U.S.C. § 727(a)(6)(A); and

///

F. Any other award that this Court deems appropriate under the circumstances.

DATED February 17, 2011

**ALLEN, SALA & BAYNE, PLC**

/s/ DMB 20368
Dawn M. Bayne
Christen N. Carns
1850 N. Central Ave., Suite 1150
Phoenix, Arizona 85004
Attorneys for Trustee Maureen Gaughan

COPIES of the foregoing mailed on
February 17, 2011 to:

Maureen Gaughan
P.O. Box 6729
Chandler, AZ 85246
*Chapter 7 Trustee*

United States Trustee
230 North First Avenue, Ste 204
Phoenix, AZ 85003-1706

James and Shelly Bruno
2521 S. Dragoon Dr.
Chandler, AZ 85286

*/s/ Tammie R. Holm*