EXHIBIT "C"

199.
20pgs
pgs 1 → 20
FILED
2009 OCT -5 AM 11:01
U.S. CLERK
BANKRUPTCY
DISTRICT OF ARIZONA
10/06/2009

```
James A. & Shelly D. Bruno, in Pro Per
2521 S. Dragoon Drive
Chandler, AZ 85286
```

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF ARIZONA

Chapter 7

| | |
|---|---|
| Henry K. Lee et al. | Case No.: 2:09-bk-06952-SSC |
| Plaintiff(s), | Adversary No.: 2:09-ap-01145-SSC |
| vs. | **ANSWER TO COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. 523(a)(2), (4),and (6) AND DENIAL OF ENTRY OF DISCHARGE PURSUANT TO 11 U.S.C. 727 (a)(2), and 727(a)(4)(A)and REQUEST FOR DISCHARGE OF DEBT** |
| James A Bruno and Shelly D. Bruno, et al. | |
| Defendant(s) | |

Dated this October 03, 2009

```
2521 S. Dragoon Dr.
Chandler, AZ 85286
James A. Bruno and
Shelly D. Bruno
```

**Defendants**, James A. Bruno and Shelly D. Bruno et al., herein answer this complaint and request that the Court grant Defendants a Discharge of Debt against Plaintiffs for the following:

I. <u>PARTIES,JURISDICTION AND VENUE</u>.

1. On April 09, 2009, Defendants filed for voluntary relief under Chapter 7 of the Bankruptcy Code.

2. Defendants did not originally list Plaintiffs as Creditors in their Petition for Chapter 7 as almost all of the Plaintiffs are suing Defendants for their mutual involvement in a Corporation located, operated and legally registered by Law in Costa Rica, known as Kingsland Developments Inc., S.A., in which the Defendants were Officers of the Corporation. Several of the Plaintiffs are involved in a business venture here in the State of Arizona, completely separate from the Costa Rica venture.

[Summary of pleading] - 1

3. The Complaint filed by the Plaintiffs has two completely different business ventures muddled together in an attempt to gain legitimacy for its jurisdiction here in the United States Bankruptcy Court and the State of Arizona.

4. While the Defendants do reside here in Arizona, and do have business here in Arizona, many of the Plaintiffs reside in other states and in one case another country, Costa Rica, and did not do business with the Defendants directly here in Arizona or in certain cases, even in regards to business located in Arizona:

   a. Plaintiff Last Frontier Sales, Inc. - Alaska
   b. Plaintiffs Tom & Andrea Riles - California
   c. Plaintiff Mark Woodward - Massachusetts
   d. Plaintiff Matthew Woodward - Massachusetts
   e. Plaintiff Arnold Properties, LLC - Massachusetts
   f. Plaintiff Sherril Suskin - New York
   g. Plaintiffs Claire and Thomas Weismiller - California
   h. Plaintiff Mark Eaton - Massachusetts
   i. Plaintiff Joseph Jolley - Alaska
   j. Plaintiffs Don & Elaine Rund - Illinois
   k. Plaintiffs Thaddeus J. & Jodi A. Rund - Costa Rica
   l. Plaintiffs Ryan Morrell & Dohee Kim - California
   m. Plaintiff Jimmy Tam - California
   n. Plaintiff G. Scott Freeman - California
   o. Plaintiff David Ferraro - California
   p. Plaintiff Gwen Berlin - Florida
   q. Plaintiff Jason LaFlesch dba Crystal Clear Properties, C.C.P., S.R.L. - Costa Rica

5. Numerous of the Plaintiffs have never done business with the Defendants in the United States or the State of Arizona, but did business directly with salesman, Jason Laflesch dba Crystal Clear Properties C.C.P.,S.R.L., a Costa Rica Corporation, and the Kingsland Developments Corporation located in Costa Rica including:

[Summary of pleading] - 2

a. Plaintiffs Mike & Kim McBride
b. Plaintiff Mary Coombs
c. Plaintiff Candace Atkinson
d. Plaintiff Lynn Sanken
e. Plaintiff Jimmy Tam
f. Plaintiff Charles (Casey) Sparrow
g. Plaintiffs Scott & Melissa Eastin
h. Plaintiff David Ferraro
i. Plaintiff Roy Peterson

6. Plaintiffs Tony & Kaipo Simonelli have stated that they did not know they were party to the Complaint nor did they intend to be party to it leaving the question open to which Plaintiffs even know they are party to this complaint. **See Defense Exhibit "A"**

7. Plaintiff Gwen Berlin is unknown to Defendants and apparently also unknown to the Plaintiffs or their Attorney as noted in their Exhibit "A". (Defendants believe it could be Gwen Mitchell in the Bruno II, LLC but if she is listed as "unknown" to the Plaintiffs, she probably isn't aware that she is included in the Complaint, much as Simonelli's)

8. Defendants did not cause events to occur in the State of Arizona that give rise to the Plaintiff's claims, and feel the venue is improper, however, since they have brought them here into the Defendants Chapter 7 filing, Defendants ask that their alleged debts to these Plaintiffs be discharged accordingly as Individuals and dba Bruno Family Trust, James Bruno Enterprises, LLC, Roetman Bruno Investments, LLC, Bruno I, LLC, Bruno II, LLC, and ILX-Bruno, LLC.

## II. DEFENDANTS ANSWER TO BACKGROUND AND "FACTUAL" ALLEGATIONS

9. Defendants James A. Bruno and Shelly D. Bruno acknowledge that they are Managers and Members of LLC's duly registered in the State of Arizona as presented herein, as well as Trustee's for their Bruno Family Trust, and Officers of the Board of Kingsland Developments Inc., S.A., a Costa Rica Corporation legally registered and operated in the Country of Costa Rica, in

the capacities of Treasurer (Defendant James A. Bruno), and Secretary (Defendant Shelly D. Bruno).( Noticeably absent from this Complaint is the fact that there is also a President of Kingsland Developments Inc., S.A., One Craig R. Roetman, who ACTIVELY served in that capacity since the inception of the Company.) Mr. Roetman and Defendant James Bruno also established Roetman Bruno Investments, LLC, and served jointly as Managers of the Company.

10. Defendants absolutely disavow any fraud or wrongdoing on their parts in the pursuance of any of their business activities either here or abroad.

11. Plaintiffs have so muddied the waters in this Complaint, including Exhibits attached to their Complaint that are completely out of context and chronological order, that it will require Defendants to herein take it apart in order for the Court or anyone else to make sense of any part of it, beginning with Plaintiff's Exhibit "A":

   a. Plaintiffs belonging to three (3) distinct business entities are clumped together in Exhibit "A", along with one "unknown" Plaintiff, and the amounts of their individual investments are also clumped together when in fact Defendants did not conduct their business accounting in this manner but set up each entity as separate from another in the form of LLC's here in Arizona and a Corporation in Costa Rica.

   b. Plaintiff's that are Shareholders in the Costa Rica Corporation Kingsland Developments Inc., S.A. are the following: Henry and Lisa Lee, Chip & Donna Fitch dba Last Frontier Sales, Inc., Drew & Cindy Pearson, Tom & Andrea Riles, Dewayne Marshall, Deroche Family Trust, Mark & Matthew Woodward dba Arnold Properties, LLC, Jason Laflesch dba Crystal Clear Properties C.C.P., S.R.L., Sherrill Suskin, John & Gail Parker, Lester Ward, Claire & Thomas Weismiller, Mark Eaton, Joe Jolley, Tim & Aimee Jolley, Deanna & Michael Webb, Don & Elaine Rund, Thad & Jodi Rund, Peter & Alison Postiglione, Barbara & Gerald Adomshick, And Ryan Morrell & Dohee Kim. Plaintiff's named above represent a combined investment of $1,465,000.00. Total Shares Sold

10/06/2009

for Kingsland Developments was $2,000,000.00 out of $2,200,000.00 available, which represented the cost to purchase the Land, and still had Shares available in the amount of $200,000.00 for sale when all business activity halted on project. **See Defense Exhibit "B"**

c. The following Plaintiffs are Members in a legally formed and operated Arizona LLC known as Bruno I, LLC that has an eight-percent (8%) interest in a proposed development project in Sedona, Arizona: Chip & Donna Fitch dba Last Frontier Sales, LLC, Tom & Andrea Riles (whose Sedona investment is not listed in Plaintiff's Exhibit "A", but in fact is $50,000.00 when they purchased a percentage of Bruno's management fee ), Mark Woodward and Arnold Properties, LLC (same as Riles at $50,000. Of Bruno's management fee), Dewayne Marshall (who is part of Bruno I, LLC as a Member of the Roetman Group, LLC and whose investment is also not listed in Plaintiff's Exhibit 'A" but is in fact $100,000.00), Claire & Thomas Weismiller, Mike Chavez, and Mark Palacio. The above named Plaintiffs combined investment in Bruno I, LLC is $225,000.00 ($100,000.00 is sold Management Fees not included in main percentage group) out of $1,377,500.00 raised in Total for Bruno I, LLC and the Sedona project there. **See Defense Exhibit "C"**

d. The following Plaintiffs have a seven-percent (7%) interest in the same proposed development project in Sedona, Arizona as noted above but came in at a later date when more percentage was offered to Defendants by their Partner in this project. Plaintiffs that are Members in Bruno II, LLC are: Henry & Lisa Lee (with $400,000.00 invested though not noted on Plaintiffs Exhibit "A"), Tony & Kaipo Simonelli (who do not want to be a part of the Complaint), Gail Parker & Lester Ward (brother and sister who have combined investment of $50,000.00 in Bruno II, LLC),David & Rhonda Silva, Shawn Wright, Matt Palacio, and Steve Reynolds, with a combined investment of $725,000.00 out of $1,775,000.00 raised in Total for Bruno II, LLC and the Sedona project there. **See Defense Exhibit "D"**

10/06/2009

e. The last group of Plaintiffs represent buyers who were Pre-sold Condominiums in Costa Rica by Plaintiff Jason Laflesch dba Crystal Clear Properties C.C.P., S.R.L., who was hired by Kingsland Developments Inc., S.A. to sell condominiums and was paid advance commissions for said sales in the amount of $62,000.00 to date. Defendants never had any direct or indirect contact with these Plaintiffs prior to the sales and their deposits were sent directly to Kingsland's Bank Account in Costa Rica. The Plaintiffs who were pre-sold condos are: Mike & Kim McBride, Mary Coombs, Candace Atkinson & Lynn Sanken, Jimmy Tam, G. Scott Freeman, Charles Sparrow, Scott & Melissa Eastin, David Ferraro, and Roy Peterson. They represent purchasers of 13 condominiums out of 19 presold by Plaintiff Jason Laflesch dba Crystal Clear Properties C.C.P., S.R.L.

**THE SEDONA PROJECT**

12. On or about March, 2005, Defendants James & Shelly Bruno were Licensed Realtors in the State of Arizona employed by the Firm of Remax2000 in Gilbert. AZ. At that same time, they also had formed an LLC known as James Bruno Enterprises, LLC in the State of Arizona, in which they planned to hold property purchased as investment property.

13. In March, 2005, an advertisement listed Federal Forest Service Land in Sedona, Arizona as going up for sale to the General Public at an online Auction. Defendants Bruno's decided to Register for the Auction and bid on the property. They contacted several of their friends and Real Estate Associates who were eager to join in financially in pursuit of the winning bid. The property consisted of two parcels that could be bid on individually or together though they were zoned differently, with the larger one zoned residential and the other as public use. The group decided to bid on both pieces with the ultimate goal of developing residential homes for sale on the larger piece.

14. In June, 2005, after much excitement, Defendants group won the bid on the land. Unfortunately, the group had not raised nearly enough money to complete the purchase price of $8.4 million, so Defendants contacted ILX,

[Summary of pleading] - 6

Inc. whose property, Los Abrigados Resort & Spa, in Sedona, abuts the land in question, as Defendants had heard that they had also been interested in the property. Defendants proposed to partner up with ILX in order to complete the purchase of the land and they agreed. ILX proposed we work on expanding Los Abrigados Resort and having the property re-zoned for timeshares which our group agreed to as the returns on that investment would be much greater than on residential homes.

15. Between June and September, 2005, Defendants worked with ILX to formalize their partnership agreement. ILX-Bruno, LLC was duly formed to hold title to the Property with ILX having 92% of the proposed project and James Bruno Enterprises, LLC to have 8% based upon the amounts put in by each partner to purchase the property. Joe Martori, President of ILX Resorts, Inc., Manages ILX-Bruno, LLC and defendants James A. & Shelly D. Bruno are Members of this LLC with no management duties. **See Defense Exhibit "E"**

16. Defendants formed a new LLC, on the advice of their Attorney, Mr. John Martin, of Benedict & Martin, located in Phoenix, AZ, to hold the 8% of the group called Bruno I, LLC, and all members have a percentage of the company based upon the monies they put in. James Bruno Enterprises, LLC had assignments prepared by Attorney John Martin, to assign the 8% to Bruno I, LLC. **See Defense Exhibit "F"**

17. In 2006, ILX-Bruno, LLC needed to raise some more funds so another round was opened up with James Bruno Enterprises, LLC receiving the opportunity to obtain more percentage of the project. With the monies raised in this second round, Defendants second group was able to obtain another 7% of the project. Defendants formed a new LLC, again on the advice of their Attorney, John Martin, to hold the 7% of this groups interest called Bruno II, LLC, with all members having a percentage of the company based upon the monies they put in. Again, James Bruno Enterprises, LLC had assignments prepared by Attorney John Martin, to assign the 7% to Bruno II, LLC. **See Defense Exhibit "G"**

18. All monies collected for the Sedona Project were paid into the project. Defendants never committed any fraud or wrongdoing in the performance of

[Summary of pleading] - 7

their business regarding this Sedona Project. Nor did Defendants at any time make a promise that Dividends would be paid periodically. Percentages of Profits would be realized at build-out/sell out of project. All Members in the LLC's were savvy business persons either in Real Estate, Investment, Banking etc. All Members were aware and informed that we were involved in a speculative land venture and there was a risk of loss involved. All Members in the LLC's including the Plaintiffs named in this Complaint have received copies of the Articles of Organization and Operating Agreements of the LLC they are registered in respectively, either Bruno I, LLC or Bruno II, LLC. All Members in the LLC's including the Plaintiffs in this complaint have received certificates showing their individual percentage in the companies. All Members in the LLC's have been kept informed on a regular basis as to the status of the project including the Plaintiffs in the Complaint. They have received Financials from ILX-Bruno, LLC every year when the accounting is done. **See Defense Exhibit "H"**

19. On or about March 02, 2009, Defendants were notified by their partner, Joe Martori, that ILX, Inc. was filing Chapter 11 which included ILX-Bruno, LLC. Defendants were stunned and promptly notified the Members of the groups of the situation. The majority of Members in Bruno I, LLC and Bruno II, LLC are simply waiting out the Chapter 11 and hoping for the best, including the Defendants. To date, that Chapter 11 filing has been extended into next year. Defendants are not sure how the property is going to fare in the final analysis but still feel confident that it could be a viable project in a few years when the economy is better. **See Defense Exhibit "I"**

**COSTA RICA PROJECT OR "COCO VISTA"**

20. In February, 2006, Defendants were approached by their business associate, Mr. Craig Roetman, who stated that he had a business opportunity he thought they may like to invest in with him in Costa Rica involving the purchase of a tract of land in that country, located in the Province of Guanacaste, in Northwest Costa Rica, in the town of Playa Del Coco. Mr. Roetman had been visiting the Country for some time and seemed to think it was a viable place to do business.

[Summary of pleading] - 8

21. Defendant James Bruno accompanied Mr. Roetman soon after said conversation to Costa Rica, where he viewed the property being proposed to purchase; Seeing that it could indeed be a good opportunity, Defendant James Bruno returned to the United States with Mr. Roetman who proposed another trip immediately to Costa Rica, this time accompanied by both Defendants, James and Shelly Bruno, to try and come to terms on the purchase with the seller, Mike Bragg, a resident of Costa Rica.

22. On or about March 06, 2006, an agreement was reached with the seller, Mike Bragg, and purchasers, Craig Roetman, James and Shelly Bruno, to pay $2,200,000.00 for the property which consisted of +/- 11 Hectares of raw, undeveloped land. It was specifically stated by the Seller to have water and power services available to it to support the development of condominiums. Defendants and Craig Roetman gave a down payment of $20,000.00 ($10,000.00 each, and unbeknownst to the Defendants at that time, Mr. Roetman's only cash contribution to the project) to close the deal, and with the services of Attorney, Mr. Alejandro Montealegre, who had been retained by Roetman and Defendants, set up a structured payment plan whereby the property would be paid off. **See Defense Exhibit "J"**

23. On or about March, 2006, Attorney Montealegre, according to Costa Rican Law, set up a Corporation for Mr. Roetman and Defendants called Kingsland Developments Inc., S.A., to hold title to the land and develop it accordingly to condominiums, (said project originally named "Palace El Coco" but later changed to catchier "Coco Vista"). It was decided initially that 22 shares would be sold in increments of $100,000.00 each to pay for the land. Three Officers were necessary to form the Corporation; Mr. Roetman would be President of said Corporation and in charge of Sales and Fundraising as he had extensive contacts made throughout his years as a native Arizonan and as a Licensed Realtor in the State of Arizona and his many years with Remax2000, located in Gilbert, AZ. Defendant James Bruno was made Treasurer of the Corporation. Defendant James Bruno was a Licensed Realtor in the State of Arizona with the Firm of Remax2000. As his expertise was in Sales and Construction/Development, an Accountant, Johnny Rodriguez